ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT. REQUEST FOR AN OFFICIAL OPINION CONCERNING THE PROVISIONS OF 76 O.S. 19 (1988). BECAUSE THE QUESTIONS YOU ASK ARE ANSWERED BY THE PLAIN LANGUAGE OF THE STATUTE, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION IN RESPONSE TO YOUR QUESTIONS.
THE STATUTE PROVIDES:
 "ANY PERSON WHO IS OR HAS BEEN A PATIENT OF A DOCTOR, HOSPITAL OR OTHER MEDICAL INSTITUTION SHALL BE ENTITLED TO OBTAIN ACCESS TO THE INFORMATION CONTAINED IN ALL HIS MEDICAL RECORDS UPON REQUEST, AND SHALL BE FURNISHED COPIES OF ALL RECORDS PERTAINING TO HIS OR HER CASE UPON THE TENDER OF THE EXPENSE OF SUCH COPY OR COPIES. COST OF EACH COPY SHALL NOT EXCEED TEN CENTS ($0.10) PER PAGE."
YOU FIRST ASK WHETHER THIS STATUTE PROHIBITS A MEDICAL PROVIDER FROM CHARGING FOR LABOR, TIME OR SIMILAR CHARGES FOR FURNISHING THE RECORDS. THE PROVISIONS OF 76 O.S. 19 REQUIRE THE FURNISHING OF RECORDS "UPON THE TENDER OF THE EXPENSE OF SUCH COPY OR COPIES." THE STATUTE CONTINUES BY PLACING A CAP OR LIMIT ON THE EXPENSE OF SUCH COPIES AT TEN CENTS PER PAGE; THERE IS NO INDICATION IN THE STATUTE THAT THE EXPENSE REFERENCED IN THE FIRST SENTENCE INCLUDES ANY ITEM OTHER THAN THE EXPENSE SPECIFICALLY DESCRIBED IN THE SECOND SENTENCE. THIS IS PARTICULARLY TRUE SINCE THE LANGUAGE OF THE STATUTE DOES NOT DESCRIBE THE TEN CENTS PER PAGE COST AS A COPYING CHARGE, BUT RATHER THE CHARGE PER EACH PAGE OF THE RECORD.
WHILE ARGUABLY THE THRUST OF THE STATUTE IS THE ASSUMPTION THAT THE TEN CENT PER PAGE FEE WILL BE A REIMBURSEMENT FOR THE CHARGE OF PHOTOCOPYING THE RECORD, THERE IS NEITHER A REQUIREMENT THAT THE RECORD PROVIDER ACTUALLY BE OUT OF POCKET THE TEN CENT PER PAGE CHARGE, NOR IS THERE ANY REFERENCE TO PHOTOCOPYING IN THE SECTION. (FOR INSTANCE, THE COPY OF A RECORD COULD HAVE BEEN MADE THROUGH CARBON PAPER OR BY REPRODUCTION ON A COMPUTER.) BECAUSE THE RECORD MUST BE PROVIDED UPON PAYMENT OF THE EXPENSE OF THE RECORD, AND THE EXPENSE OF THE RECORD IS LIMITED TO NO MORE THAN TEN CENTS PER PAGE, THE MEDICAL PROVIDER IS PROHIBITED FROM CHARGING FOR LABOR, TIME OR SIMILAR CHARGES FOR FURNISHING THE RECORD.
YOU ALSO ASK WHETHER THE STATUTE APPLIES ONLY TO HOSPITALS AND PHYSICIANS WHO DELIVER RECORDS, OR APPLIES EQUALLY TO COMMERCIAL FIRMS WITH WHOM A HOSPITAL OR PHYSICIAN MAY CONTRACT. THE STATUTE DOES NOT LIMIT ITS PROVISIONS TO HOSPITALS OR PHYSICIANS, BUT SIMPLY STATES THAT A PERSON WHO HAS BEEN A PATIENT OF A DOCTOR, HOSPITAL OR OTHER MEDICAL INSTITUTION SHALL BE ENTITLED TO OBTAIN ACCESS TO HIS OR HER MEDICAL RECORDS. THE STATUTE DOES NOT DELINEATE FROM WHOM SUCH ACCESS MUST BE OBTAINED IN ORDER FOR ITS APPLICATION TO BE TRIGGERED. MOREOVER, IT WOULD THWART THE LEGISLATURE'S CLEAR INTENT TO MAKE MEDICAL RECORDS READILY AVAILABLE TO PATIENTS AT A REASONABLE COST, TO CONSTRUE THE STATUTE TO ALLOW HOSPITALS AND PHYSICIANS TO WIRE AROUND IT BY CONTRACTING WITH A COMMERCIAL FIRM.
YOUR THIRD QUESTION IS WHETHER A COMMERCIAL COMPANY MAY CHARGE A SEARCH FEE. THIS QUESTION HAS BEEN ANSWERED ABOVE.
IN YOUR FOURTH QUESTION YOU ASK, IF THE ANSWER TO QUESTION THREE IS NO, MAY A PERSON OTHER THAN THE PATIENT SECURE THE RECORD AT THE COST OF TEN CENTS PER PAGE. THE STATUTE CLEARLY ENTITLES ONLY THOSE PERSONS WHO HAVE BEEN A PATIENT OF A DOCTOR, HOSPITAL OR OTHER MEDICAL INSTITUTION TO OBTAIN ACCESS TO MEDICAL RECORDS AT THE PRICE OF TEN CENTS PER PAGE. HOWEVER, BECAUSE OF THE PHYSICIAN/PATIENT PRIVILEGE, MEDICAL RECORDS ARE NOT GENERALLY OBTAINED BY PERSONS WITHOUT THE AUTHORIZATION OF THE PATIENT. UNDER CIRCUMSTANCES WHERE THE PATIENT'S AUTHORIZATION CREATES AN AGENCY RELATIONSHIP BETWEEN THE PATIENT AND THE PERSON WHO IS PROCURING THAT PATIENT'S RECORDS, SUCH PERSON IS ACTING INSTEAD OF, OR ON BEHALF OF, THE PATIENT WHOSE RECORDS ARE SOUGHT SUCH AS IN THE INSTANCE OF AN ATTORNEY SEEKING RECORDS ON BEHALF OF HIS CLIENT. OF COURSE, THERE MAY BE SOME FACTUAL CIRCUMSTANCES WHERE SUCH WOULD NOT BE THE CASE AND THE TERMS OF THE STATUTE WOULD APPLY. IF, INDEED, THERE IS NO AGENCY RELATIONSHIP BETWEEN THE PATIENT AND THE PERSON ATTEMPTING TO INVOKE 76 O.S. 19, THE STATUTE WOULD THEN BE INAPPLICABLE. SUCH DETERMINATIONS, HOWEVER, MUST BE MADE BY THE RECORD HOLDER ON A CASE BY CASE BASIS.
(SUSAN BRIMER LOVING)